IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KEITH PARKER,                              )
Register No. 514395,                       )
                                           )
                  Plaintiff,               )
                                           )
          v.                               )     No. 04-4135-CV-C-NKL
                                           )
DANIEL POOL, Director of Nursing,          )
et al.,                                    )
                                           )
                  Defendants.              )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In a complaint filed on June 30, 2004, plaintiff alleges that he became extremely ill on June 28, 2004. He reported to corrections personnel and two nurses on a daily basis that he was in pain, was vomiting, and had not had a bowel movement. He states he was nauseous, his stomach swelled and he had uncontrollable sweating. At one point, he was unable to walk upright. On two occasions he declared medical emergencies, but was not seen by a physician until July 2, 2004. Between the 28th and the 2nd, the two nurses he saw gave him laxatives and told him to eat. When he finally saw the doctor and had X-rays taken, they revealed a ruptured appendix. Parker was taken to Capitol Regional Medical Center for emergency surgery and he remained hospitalized for approximately three weeks.

On January 31, 2005, defendants Pool, Sulltrop and Conley filed a motion to dismiss for plaintiff's failure to state a claim against them, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded in opposition to the motion and defendants replied.

As a general rule, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

Defendants Pool, Sulltrop and Conley seek dismissal because no allegations of deliberate indifference are made against them in the body of the complaint and the theory of respondeat superior does not apply. In response, plaintiff states that "[u]pon information and belief Defendants Pool, Sulltrop, and Conley were contacted by Nurse Angie and/or Nurse Mary during the time in which Plaintiff suffered the constitutional deprivations he alleges in his complaint and Defendants Pool, Sulltrop, and Conley directed the actions of Nurse Angie and/or Nurse Mary and these guided actions directly resulted in the constitutional deprivations alleged by Plaintiff." (Doc. 21 at 1-2.) Defendants replied to plaintiff's response and call the new allegations merely speculations and a floundering attempt to avoid dismissal.

Plaintiff is proceeding pro se and at this stage, the complaint must be viewed in the light most favorable to the plaintiff. If plaintiff believes that discovery will produce evidence that defendants Pool, Sulltrop and Conley directed the actions of Nurse Angie and Nurse Mary or knew of plaintiff's condition and were deliberately indifferent to it, he should be given an opportunity to conduct some discovery on the issue and to properly amend his complaint. Accordingly, defendants' motion to dismiss should be denied.

Plaintiff is advised, nevertheless, that a supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).

On March 4, 2005, plaintiff requested an extension of the discovery deadline until November 1, 2005. Plaintiff's motion indicates that he has sent discovery requests to the answering defendants and in those documents has requested the last names of the two nurse

defendants. Plaintiff needs to learn those names in order to obtain service of process on them. This issue clearly needs to be addressed and summons issued, so that the case may proceed and discovery completed. The court assumes the answering defendants will timely respond to the discovery requests and provide the last names of the Jane Doe nurse defendants. The federal rules set forth time limits for obtaining service of process, which in this case has been somewhat delayed because in forma pauperis status was not granted until October 2004. Plaintiff is advised to notify the court at the earliest opportunity of the names and addresses of the unserved defendants so that summons can be issued.

For the reasons set forth above, it is

ORDERED that discovery is extended until November 1, 2005 [24]. It is further

RECOMMENDED that defendants' motion of January 31, 2005, to dismiss for failure to state a claim be denied.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 17th day of March, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3