IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| KEITH PARKER, | ) | |
| Register No. 514395, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4135-CV-C-NKL |
| | ) | |
| DANIEL POOL, Director of Nursing, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

'       Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.

On June 8, 2005, defendants filed a motion for summary judgment on plaintiff's claims that defendants were deliberately indifferent to plaintiff's need for medical care. Plaintiff filed suggestions in opposition on July 11, 2005. Plaintiff has also filed motions to amend, to postpone summary judgment for purposes of obtaining further discovery, and to voluntarily dismiss J. Sulltrop as a defendant.

Plaintiff's motion to amend seeks to add Dr. Lamour as defendant to this suit. Such amendment was filed more than a year after plaintiff filed his initial complaint and was filed subsequent to defendants filing a motion for summary judgment. Additionally, the court notes that plaintiff's motion to amend is not based upon newly discovered evidence because plaintiff was put on notice prior to filing his initial complaint, via the grievance responses he received from Correctional Medical Services (CMS), that Dr. Lamour had been consulted by defendant Nurse Banks in her provision of medical care for plaintiff. For these reasons, the court finds plaintiff's motion to amend to be unduly delayed. Plaintiff's motion to amend his complaint is denied.

Plaintiff's motions to postpone the ruling on summary judgment for purposes of seeking further discovery is denied. Plaintiff has been provided copies of his CMS medical records, which include defendants' notes about plaintiff's medical condition at issue in this case, as well as the treatment provided by defendants.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex*, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

In the instant case, the issue is whether defendants were deliberately indifferent to plaintiff's complaints of stomach pain when they treated him for constipation, rather than immediately diagnosing his appendicitis condition, resulting in plaintiff suffering pain and possibly contributing to his ruptured appendix.

To succeed on his medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. *Id*. The standard for "deliberate indifference" includes an objective and a subjective component. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show that the medical deprivation was objectively sufficiently serious and that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Courtney v. Adams*, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. *Beyerbach v. Sears*, 49 F.3d at 1326 (quoting *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

In the instant case, taking the allegations in the light most favorable to plaintiff, plaintiff, at most, makes a claim of negligence against defendants Nurse Mary Banks (Garrett) and Nurse Angela Wright (who has now been dismissed as a defendant, pursuant to Fed. R. Civ. P. 4(m), for failure to obtain service of process). Plaintiff has not come forward with evidence that defendant Banks refused him treatment for his complaints. He complained of lack of bowel movement for several days, stomach pain, lack of appetite, inability to rest and nausea/vomiting. Plaintiff acknowledges that Nurse Banks treated him for apparent constipation and does not dispute her claim that a physician was consulted

3

before that treatment was started.  Nurse Banks cannot be found to have acted with deliberate indifference to plaintiff's medical needs where she complied with the treatment ordered by a physician.  Nurse Banks cannot be held liable for a misdiagnosis by the physician who recommended treating plaintiff for constipation.  The failure of Nurse Banks to correctly diagnose appendicitis (for two or three days, given plaintiff's symptoms), until after other treatments were unsuccessful where she was following a doctor's orders cannot rise to the level of deliberate indifference on the part of Nurse Banks, but rather, is, at most, a claim for medical negligence or malpractice, which is not actionable under 42 U.S.C. § 1983.

Plaintiff's claims against additional defendants Conley, Regional Medical Director of Correctional Medical Services; Pool, CMS Director of Nursing; and Sulltrop, CMS Health Services Administrator, appear to be based solely upon such defendants' supervisory capacities over defendants Banks and Wright.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation.  *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).  Plaintiff has failed to provide evidence that these supervisory defendants were personally involved in the alleged denial of medical treatment or that they deliberately failed to take action to protect plaintiff from a violation of his constitutional rights.  Claims that such defendants were involved in denying his grievances, after-the-fact, as to his claims which are the focus of this suit, fail to allege personal involvement or tacit authorization.  Moreover, plaintiff cannot state a claim against a supervisor when the court has determined that the underlying actions by the subordinate employees were not a violation of plaintiff's constitutional rights.

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment is granted and plaintiff's claims are dismissed [44].  It is further

ORDERED that plaintiff's motions to amend and to postpone summary judgment are denied [46, 47, 48, 52].  It is further

ORDERED that plaintiff's motion to dismiss defendant Sulltrop is denied as moot [51].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: December 15, 2005
Jefferson City, Missouri